IN THE UNITED ST7ATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01298-ZLW

BRIAN P. CALCARI,

    Applicant,

v.

EXECUTIVE DIRECTOR JOE ORTIZ, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DENYING MOTIONS ## 17, 18, 20

---

    Applicant, Brian P. Calcari, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado.  He has three motions (ECF Nos. 17, 18, and 20) currently pending before the Court.

    On November 7, 2011, Mr. Calcari filed a motion titled "Motion Pursuant to F.R.Civ.Proc. Rule 60(b)(4)" (ECF No. 17).  On November 17, 2011, he filed a motion titled "Motion Requesting to Amend/Supplement Motion Pursuant to F.R.Civ.Proc. Rule 60(b)(4)" (ECF No. 18).  On January 12, 2012, Mr. Calcari filed a motion titled "Motion Reasserting Prior Motion Pursuant to F.R.C.P. Rule 60(b)(4)" (ECF No. 20).

    The Court must construe liberally Mr. Calcari's filings because he is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.

Mr. Calcari was convicted in the Larimer County District Court on charges of first-degree assault, accessory to attempted first-degree murder, and accessory to first-degree assault. The judgment of conviction was entered on December 2, 1996. On June 25, 2004, Mr. Calcari initiated this action by filing *pro se* an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction.

On September 14, 2004, this Court denied the habeas corpus application and dismissed the action with prejudice as barred by the one-year limitation period in 28 U.S.C. § 2244(d). *See* ECF No. 6. Judgment was entered on the same day. On February 9, 2005, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) denied a certificate of appealability, and dismissed the appeal. The Tenth Circuit agreed that the application was time-barred, and found that equitable tolling was not appropriate because Mr. Calcari failed to present "rare and exceptional circumstances." *See Calcari v. Executive Director Joe Ortiz*, No. 04-1422, 2005 WL300424, *1 (10th Cir. Feb. 9, 2005) (ECF No. 13). On October 3, 2005, the United States Supreme Court denied certiorari review. *See Calcari v. Ortiz*, No. 04-10562 (U.S. Oct. 3, 2005) (ECF No. 15).

In motions 17, 18, and 20, Mr. Calcari moves for relief from judgment pursuant to Rule 60(b)(4) because he contends the judgment this Court entered is void. Specifically, Mr. Calcari contends that the issues he raised in this action have been exhausted and that he "could not have had the foresight that sixteen (16) months after Feb. 10, 2000 when habeas (No. 00-M-350) was filed, that Duncan [v. Walker, 533 U.S. 167, 181-82 (2001)] would apply having been announced June 18, 2001." *See* ECF No. 17 at 4-5. For the reasons discussed below, the motions will be dismissed.

When faced with a Rule 60(b) motion filed in response to the denial of an application for habeas corpus relief, the Court first must determine whether the motion should be treated as a second or successive habeas corpus application or whether it should be treated as a "true" 60(b) motion. *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Distinguishing between a true Rule 60(b) motion and a second or successive habeas application turns on the "relief sought, not [the] pleading's title." *United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006). A Rule 60(b) motion is a second or successive application if it "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas*, 464 F.3d at 1215 (citing *Gonzales v. Crosby*, 545 U.S. 524 (2005)). "[I]t is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas*, 464 F.3d at 1215-16 (citations omitted).

Mr. Calcari's Rule 60(b) motions appear to be true Rule 60(b) motions rather than second or successive applications. Mr. Calcari is challenging a procedural ruling of this Court, i.e., to deny his habeas corpus application as time-barred and dismiss the action, and does not, in substance or effect, assert or reassert a federal basis for relief from his underlying conviction.

The Court will address only Mr. Calcari's arguments concerning time-bar, the reason for dismissal of the instant action, and not Mr. Calcari's arguments regarding exhaustion, which do not apply to the instant action and only apply to the habeas corpus

action he initiated previously in this Court and which he also attacks in his motions. *See Calcari v. Colorado*, No. 00-cv-00350-RPM (D. Colo. July 7, 2000), *appeal dismissed*, No. 00-1304, 2004 WL 1853952 (10th Cir. Dec. 19, 2000), *cert. denied*, 533 U.S. 921 (2001). The prior habeas corpus action in No. 00-cv-00350-RPM was dismissed without prejudice as a mixed petition containing both exhausted and unexhausted claims.

First, Mr. Calcari claims that the judgment should be set aside under Rule 60(b)(4) because the judgment is void. However, "[a]n order is void for Rule 60(b)(4) purposes if the rendering court was powerless to enter it due to lack of jurisdiction over the parties or subject matter." *Hopkins v. Galetka*, 320 F. App'x 909 (10th Cir. 2010) (citation and internal quotation marks omitted); *U.S. v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002). In his motions, Mr. Calcari failed to set forth any argument that would entitle him to relief under this standard. As a matter of statute, this Court has jurisdiction over applications for habeas corpus relief. *See* 28 U.S.C. § 2254. Therefore, Mr. Calcari's argument that the judgment is void is without merit.

Secondly, although Rule 60(b) states that motions under Rule 60(b) must be filed within a "reasonable time," *see* Rule 60(c)(1), a motion under Rule 60(b)(4) may be made at any time. *Buck*, 281 F.3d at 1344; *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994). A Rule 60(b)(4) motion is not subject to any time limitation because "if a judgment is void, it is a nullity from the outset and any 60(b)(4) motion for relief is therefore filed within a reasonable time." *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224 n.8 (10th Cir. 1979). However, because Mr. Calcari's argument that the judgment is void is meritless, no remedy is available under Rule 60(b)(4). Therefore, to the extent

that Mr. Calcari seeks to reopen these proceedings based upon subsections of Rule 60(b) other than subsection (4), the motions are untimely. Claims pursuant to Rule 60(b)(1), (2), and (3), must be made no more than a year after the judgement, and Rule 60(b)(5) and (6) must be filed within a "reasonable time." See Rule 60(c)(1). Mr. Calcari's motions were filed in November 2011 and January 2012, more than seven years after the judgment was entered in this case on September 14, 2004. Seven years is not reasonable, particularly given the lack of an explanation for the delay. See Sorbo v. United Parcel Service, 432 F.3d 1169, 1178 (10th Cir. 2005).

Thirdly, Mr. Calcari's argument that he "could not have had the foresight that sixteen (16) months after Feb. 10, 2000 when habeas (No. 00-M-350) was filed, that Duncan [v. Walker, 533 U.S. 167, 181-82 (2001)] would apply having been announced June 18, 2001" is without merit. See ECF No. 17 at 4-5. Mr. Calcari's pro se status and ignorance of his legal obligation to file a timely § 2254 application do not justify equitable tolling. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling of the one-year limitation period is available "only in rare and exceptional circumstances" (quotation omitted)). In any event, Mr. Calcari's application was held to be time-barred without the application of Duncan. See ECF No. 6 at 4.

Finally, it is clear that Mr. Calcari's "Motion Requesting to Amend/Supplement Motion Pursuant to F.R.Civ.Proc. Rule 60(b)(4)" (ECF No. 18) applies only to No. 00-cv-00350-RPM, see No. 00-cv-00350-RPM at ECF No. 36, because no "Order Striking Pleading" was entered in the instant action on November 8, 2011. Therefore, ECF No. 18 will be denied as inapplicable.

Accordingly, it is

ORDERED that the motions of November 7, 2011, titled "Motion Pursuant to F.R.Civ.Proc. Rule 60(b)(4) (ECF No. 17) and January 12, 2012 titled "Motion Reasserting Prior Motion Pursuant to F.R.C.P. Rule 60(b)(4)" (ECF No. 20) are denied. It is

FURTHER ORDERED that the motion titled "Motion Requesting to Amend/Supplement Motion Pursuant to F.R.Civ.Proc. Rule 60(b)(4) (ECF No. 18) is denied as inapplicable to the instant action.

DATED at Denver, Colorado, this  8th  day of   February  , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court